**BLUMENTHAL, NORDREHAUG & BHOWMIK**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232

Attorneys for Plaintiffs

FILED

09 AUG 12 PM 4: 17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONY GREEN; on behalf of himself, and on behalf of all persons similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AT&T SERVICES, INC., a corporation doing business as AT&T; and DOES 1 through 10, <br><br> Defendants. | CASE No. **'09 CV 1760 JM      NLS** <br><br> COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF: <br>  (1) UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE § 17200 *et seq.*; <br>  (2) FAILURE TO PAY EARNED WAGES AND OVERTIME COMPENSATION IN VIOLATION OF CAL. LAB. CODE §§ 204, 210, 218, 510, 1194 AND 1198; <br>  (3) FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF LABOR CODE § 226; and, <br>  (4) VIOLATION OF FAIR LABOR STANDARDS ACT [29 U.S.C. § 216] <br><br> DEMAND FOR A JURY TRIAL |

**INTRODUCTION**

1.      This class action is brought by Plaintiff Antony Green ("PLAINTIFF") individually and on behalf of present and former employees of AT&T SERVICES, INC., doing business as AT&T ("DEFENDANT") who were scheduled for on-call time in California during the Class Period. DEFENDANT failed to correctly pay regular and overtime compensation for PLAINTIFF and other similarly situated employees because DEFENDANT systematically failed to pay PLAINTIFF and other similarly situated employees for the actual numbers of hours worked, regular and/or overtime, during the CLASS PERIOD. These employees were placed onto standby, on-call duty but were not paid the required compensation for these hours worked, regular and/or overtime, during the CLASS PERIOD. The DEFENDANT's on-call policies require these employees to respond instantly to automatic pages, twenty-four (24) hours a day, seven (7) days a week, which restricts their activities and geographic location, with no compensation paid for the on-call, stand-by work time. As a result, PLAINTIFF and other employees did not receive compensation for all hours worked, including but not limited to the overtime hours worked. The wage statements and DEFENDANT's practices with respect to such wage statements issued to PLAINTIFF and other similarly situated employees also violate California law, and in particular, Labor Code § 226 because the on-call time is not correctly reported as hours worked. The policies and practices of DEFENDANT alleged herein constitute deceptive, unfair and/or unlawful business practices whereby DEFENDANT retained wages due PLAINTIFF and other similarly situated employees for all hours worked. PLAINTIFF seeks an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFF and other similarly situated employees as set forth herein below, and all other appropriate equitable relief.

2.      Defendant AT&T SERVICES, INC., is a corporation with headquarters in Texas. AT&T SERVICES, INC. conducts business under the name "AT&T", and is collectively referred to herein as "AT&T" or "DEFENDANT". AT&T is the party who established and is responsible for the practices alleged herein. DEFENDANT is engaged in

1  the business of providing broadband and other wireless and wireline communications

2  services to mass market, business, government and wholesale customers throughout

3  California and the United States.  Specifically, DEFENDANT provides Information

4  Technology ("IT") services throughout California, including in San Diego County, Los

5  Angeles County, Orange County, Santa Clara County, San Mateo County and Alameda

6  County, where members of the Class alleged herein work and reside.

7      3.      DEFENDANT conducted and continues to conduct substantial and

8  regular business throughout California and also is an enterprise that affects commerce by

9  engaging in the enterprise of engaging in nationwide communications through interstate

10  commerce and by regularly and recurrently receiving or transmitting interstate

11  communications.

12      4.      AT&T is based in Texas and incorporated in Delaware.  AT&T continues to

13  have a nationwide presence in wireline and wireless markets, with millions of Americans

14  connecting to a AT&T network daily. AT&T generated more than $124 billion in 2008 total

15  consolidated operating revenues, and at year-end 2008, AT&T had approximately 300,000

16  employees.

17

18                              **CONDUCT**

19      5.      AT&T's business involves the providing of providing IT, wireline, and

20  broadband services to consumers, companies, businesses and government entities.  In order

21  to provide these continuous services, AT&T employs a staff who maintain the hardware,

22  software, applications and desktops for AT&T and its end-users.  AT&T requires this

23  maintenance staff to work at all hours of the night and day to keep the services operation and

24  to resolve problems immediately.  As a result, non-exempt IT Maintenance Staff are

25  required to remain on-call standby.  AT&T's on-call policies require these employees to

26  respond within 15 minutes of being called and require immediate resolution of the issue

27  depending upon system to be repaired, twenty-four (24) hours a day, seven (7) days a week.

28  The on-call standby employees are contacted via automatic pages sent via the AT&T

1    computer system and calls to the employee's home.  These requirements so restrict and

2    control the employee, that these employees are unable to engage in private pursuits.  AT&T

3    does not pay any compensation for the on-call stand-by hours, even though these hours

4    qualify as hours worked.

5        6.    The non-exempt employees who perform IT maintenance duties have

6    been given the titles of "computer technical workers", "information technology support

7    workers" and other similar nomenclature.  Collectively, employees in these positions are

8    referred to herein as the "IT Maintenance Staff."  The work performed by these employees

9    primarily involves the day to day labor required to maintain, repair, troubleshoot, build and

10    monitor the computerized IT system for AT&T and end-users.  The work performed by

11    these employees also requires performance of non-office, manual labor, including but not

12    limited to carrying, lifting, bending and physical installation of computer hardware parts and

13    components.  As a matter of course, technical problems often arise with this equipment at all

14    hours of the day and at all hours of the night.  Responding to these problems and

15    maintenance demands are not only performed throughout the normal workday, but also

16    pursuant to an on-call policy imposed by AT&T by which these employees were and still are

17    responsible to respond to calls and perform troubleshooting work to resolve the problems at

18    issue at all hours of the night.  All of these job duties are non-exempt job duties.  These

19    employees perform these functions according to established company policies, protocols,

20    and procedures.  This action involves the uniform policies and practices of AT&T with

21    respect to a Class consisting of all IT Maintenance Staff members who were classified by

22    AT&T as non-exempt hourly employees and who were scheduled for on-call standby work

23    during the applicable Class Period as set forth herein (the "CLASS").

24        7.    Plaintiff Antony Green is an employee of DEFENDANT and continues to

25    work for DEFENDANT to the present day.  During the CLASS PERIOD, PLAINTIFF was

26    and still is employed by DEFENDANT in a non-exempt IT Maintenance Staff position.  As

27    a non-exempt IT Maintenance Staff employee, PLAINTIFF was and still is required to

28    perform standby on-call work pursuant to DEFENDANT's on-call policy which requires

1   these employees including PLAINTIFF to respond within 15 minutes of being called and

2   requires immediate resolution of the issue, twenty-four (24) hours a day, seven (7) days a

3   week, with no compensation being paid for this on-call standby work and/or with

4   miscalculated compensation being paid for the on-call repair work as a result of the

5   miscalculation of split shift compensation. Therefore, DEFENDANT as a matter of a

6   uniform policy and practice failed to correctly pay PLAINTIFF for the hours spent under the

7   control of DEFENDANT when performing on-call standby work and/or repair work during

8   on-call shifts during the applicable CLASS PERIOD. As a result, PLAINTIFF did not

9   receive the correct compensation for all hours worked, including but not limited to the

10  overtime hours worked. The wage statements received by PLAINTIFF from DEFENDANT

11  also failed to contain all of the required information in violation of Labor Code § 226(a), and

12  DEFENDANT also miscalculated the compensation due PLAINTIFF when paged or called

13  by DEFENDANT during on-call shifts to perform repair work by failing to include the

14  required split shift compensation.

15          8.      The work schedule and on-call schedule for PLAINTIFF and other IT

16  Maintenance Staff employees is dictated by the general management of AT&T to which they

17  directly report, and the demands of work.  The on-call schedule for PLAINTIFF when

18  scheduled for an on-call shift is twenty-four hours a day during both the week and

19  weekends.  The on-call schedule and on-call requirements so restrict the activities and

20  geographic location of the IT Maintenance Staff employees that the on-call hours constitute

21  hours worked.

22          9.      For this on-call stand-by work, PLAINTIFF and other IT Maintenance Staff

23  employees receive no compensation and/or receive miscalculated compensation for repair

24  work when pages or calls are received.  When PLAINTIFF and other IT Maintenance Staff

25  employees are subject to on-call pages and on-call repairs, PLAINTIFF and other IT

26  Maintenance Staff employees are required to immediately respond and perform the required

27  work. The records of the DEFENDANT will evidence the on-call work.  When an on-call

28  page is received, and PLAINTIFF and other members of the CLASS are required to perform

5

COMPLAINT

1    repair, maintenance and troubleshooting duties for which time they are compensated by

2    DEFENDANT only for the time performing the repair, maintenance or troubleshooting duty,

3    which as a result constitutes a split shift under California law. As a uniform company

4    practice and policy, DEFENDANT fails to correctly pay the members of the CLASS

5    compensation for the split shift as is required by California law, and therefore systematically

6    miscalculates the compensation for these members of the CLASS.

7        10.     PLAINTIFF and the other IT Maintenance Staff employees were and are

8    employed as working members of the production side of DEFENDANT's business. The

9    primary job duties of PLAINTIFF and IT Maintenance Staff employees were and are to

10    troubleshoot, repair, configure, and maintain computers systems of DEFENDANT and

11    DEFENDANT's clients, using manual labor and computer technician skills. As a result,

12    PLAINTIFF and the other non-exempt on-call employees were not and currently are not

13    primarily involved in providing office or non-manual work directly related to the

14    management policies or general business operations with respect to matters of significance.

15    The work of PLAINTIFF and the other non-exempt on-call employees also does not involve

16    specialized or technical work that requires special training, experience or knowledge. The

17    work of PLAINTIFF and other non-exempt on-call employees also does not involve the

18    management of the enterprise and these employees do not customarily and regularly exercise

19    discretion and independent judgment. Instead, PLAINTIFF and the other non-exempt on-

20    call IT Maintenance Staff employees were and currently are primarily involved in providing

21    day to day, routine, and general, manual labor related to the production and delivery of

22    DEFENDANT's business products. Physical demands of the position include standing,

23    sitting, walking, bending, counting, checking, talking, and installing products.

24        11.     DEFENDANT's unlawful, unfair, and deceptive employment and wage

25    practices cheat the PLAINTIFF and the other IT Maintenance Staff employees out of their

26    lawful wages due for all hours worked as required by California and federal law.

27        12.     PLAINTIFF brings this class action on behalf of himself and a Class

28

1   consisting of all individuals who are or previously were employed by DEFENDANT in a IT

2   Maintenance Staff position in California that was classified by DEFENDANT as non-

3   exempt, and who were scheduled for on-call standby work (the "CLASS") during the

4   CLASS PERIOD.  The class period applicable to this CLASS is defined as the period

5   beginning four years prior to the filing of this Complaint and ending on the date of as

6   determined by the Court (the "CLASS PERIOD").  As a matter of company policy and

7   practice, DEFENDANT uniformly classified every member of the CLASS as non-exempt,

8   but failed to pay the required straight and overtime compensation due these employees for

9   all hours worked, and otherwise failed to comply with all labor laws with respect to these

10  employees.

11          13.     Individuals in the CLASS are and were employees who are entitled to regular,

12  and overtime compensation and prompt payment of amounts that the employer owes an

13  employee for all hours worked when the employee quits or is terminated, and other

14  compensation and working conditions that are prescribed by law.  Although DEFENDANT

15  required the employees in the CLASS to work more than forty (40) hours a week, eight (8)

16  hours in a workday, and /or on the seventh (7th) day of a workweek, as a matter of company

17  policy and practice, DEFENDANT consistently and uniformly failed and still fails to

18  implement a practice and procedure that compensates for all hours worked by these

19  employees, including on-call time.  The PLAINTIFF and members of the CLASS currently

20  work or previously worked on-call in California at times during the CLASS PERIOD for

21  DEFENDANT and DEFENDANT's practices and procedures as alleged herein are and were

22  common throughout California at all relevant times.

23          14.     In this action, PLAINTIFF, on behalf of himself and the CLASS, seeks to

24  recover all the money that DEFENDANT was required by law to pay, but failed to pay, to

25  PLAINTIFF and all other CLASS members for work performed.  PLAINTIFF also seeks

26  penalties and all other relief available to him and other similarly situated employees under

27  California law.  PLAINTIFF also seeks declaratory relief finding that the employment

28

1  practices and policies of the DEFENDANT violate California law and injunctive relief to

2  enjoin the DEFENDANT from continuing to engage in such employment practices and as

3  necessary to remedy the unfair and unlawful employment practices.

4      15.    PLAINTIFF and all members of the CLASS are and were classified under

5  Industrial Welfare Commission Wage Order 1-2001 and Cal. Lab. Code §§ 510 *et seq.* and

6  Section 13(a)(5) of the Fair Labor Standards Act (the "FLSA") as non-exempt from

7  applicable federal and state labor laws.  Under both the FLSA  and California Labor Law,

8  these employees may only be classified as exempt if the employee primarily engages in

9  duties and responsibilities involving (i) the "performance of office or non-manual work

10  directly related to management policies or general business operations" of DEFENDANT,

11  (ii) the customary and regular exercising of discretion and independent judgment, (iii)

12  performed only under general supervision work along specialized or technical lines requiring

13  special training, experience, or knowledge, and (iv) is paid a monthly salary equivalent to

14  two times the minimum wage for full-time employment.  PLAINTIFF and the other

15  members of the CLASS do not meet all of these requirements.  As a result of the

16  DEFENDANT's consistent policy and practice as herein alleged, DEFENDANT failed and

17  still fail to pay overtime and other required compensation in accordance with applicable law.

18      16.    By reason of this uniform conduct applicable to PLAINTIFF and all

19  members of the CLASS, DEFENDANT committed acts of unfair competition in violation of

20  the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 (the "UCL"), by

21  engaging in a company-wide policy and procedure which failed to correctly pay the

22  PLAINTIFF and the CLASS of similarly situated employees all compensation required for

23  all hours worked.  DEFENDANT violated the FLSA and the California Labor Code and

24  regulations promulgated thereunder as herein alleged.

25      17.    PLAINTIFF and the members of the CLASS have no plain, speedy  or

26  adequate remedy at law and will suffer irreparable injury if DEFENDANT is permitted to

27  continue to engage in the unlawful acts and practices herein alleged.  The illegal conduct

28  alleged herein is continuing and to prevent future injury and losses, and to avoid a

1 │ multiplicity of lawsuits, PLAINTIFF is entitled to an injunction and other equitable relief,

2 │ on behalf of himself and the CLASS, to prevent and enjoin such practices.  PLAINTIFF

3 │ therefore requests a preliminary and/or permanent injunction as the DEFENDANT provides

4 │ no indication that DEFENDANT will not continue such wrongful activity in the future,

5 │ along with restitution, penalties, interest, compensation and other equitable relief as

6 │ provided by law.

7 │

8 │                                    **THE CLASS**

9 │       18.    PLAINTIFF brings this class action on behalf of himself and a Class

10 │ consisting of all individuals who are or previously were employed by DEFENDANT in a IT

11 │ Maintenance Staff position in California that was classified by DEFENDANT as non-

12 │ exempt and who were scheduled for on-call standby work (the "CLASS") during the CLASS

13 │ PERIOD.  To the extent equitable tolling operates to toll claims by the CLASS against

14 │ DEFENDANT, the CLASS PERIOD should be adjusted accordingly.

15 │       19.    The California Legislature has commanded that "all wages... ...earned by any

16 │ person in any employment are due and payable twice during each calendar month, on days

17 │ designated in advance by the employer as the regular paydays",  and further that  "[a]ny

18 │ work in excess of eight hours in one workday and any work in excess of 40 hours in any one

19 │ workweek...shall be compensated at the rate of no less than one and one-half times the

20 │ regular rate of pay for an employee." (Lab. Code §204 and §510(a).)  The Industrial

21 │ Welfare Commission (IWC), however, is statutorily authorized to "establish exemptions

22 │ from the requirement that an overtime rate of compensation be paid... ...for executive,

23 │ administrative, and professional employees, provided [inter alia] that the employee is

24 │ primarily engaged in duties that meet the test of the exemption, [and] customarily and

25 │ regularly exercises discretion and independent judgment in performing those duties..." (Lab.

26 │ Code §510(a).)  Neither the PLAINTIFF nor the other members of the CLASS qualify for

27 │ exemption from the above requirements.

28 │       20.    DEFENDANT, as a matter of company policy, practice and procedure, and

1   in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage

2   Order Requirements, and the applicable provisions of California law, intentionally,

3   knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to pay for all

4   hours worked by PLAINTIFF and the other members of the CLASS, even though

5   DEFENDANT enjoyed the benefit of this work, required employees to perform this work

6   and permitted or suffered to permit this on-call work.  DEFENDANT, as a matter of

7   company policy, practice and procedure, and in violation of the Industrial Welfare

8   Commission ("IWC") Wage Order Requirements, and the applicable provisions of

9   California law, intentionally, knowingly, and wilfully, engaged in a practice whereby

10  DEFENDANT miscalculated the compensation paid to PLAINTIFF and the other members

11  of the CLASS for on-call repair, maintenance and troubleshooting work performed in

12  response to a page or call by failing to include the split shift compensation.

13       21.    DEFENDANT has the legal burden to establish that each and every

14  non-exempt employee is paid for all hours worked, to accurately record all hours worked by

15  non-exempt employees, and to accurately record split shift intervals.  The DEFENDANT,

16  however, as a matter of uniform and systematic policy and procedure failed to have in place

17  during the CLASS PERIOD and still fails to have in place a policy or practice to accurately

18  record hours worked, including on-call hours and split shift intervals, so as to satisfy their

19  burden.  This common business practice applicable to each and every CLASS member can

20  be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal.

21  Business & Professions Code §17200, *et seq*. (the "UCL") as causation, damages, and

22  reliance are not elements of this claim.

23       22.    At no time before or during PLAINTIFF's employment with DEFENDANT

24  was the compensation for any member of the CLASS properly recalculated so as to

25  compensate the employee for all hours worked, including on-call time, and/or split shift

26  compensation as required by California Labor Code §§ 204 and 510, *et seq*.

27       23.    The CLASS, numbering more than 100 members, is so numerous that joinder

28  of all members of the CLASS is impracticable

1    24.    DEFENDANT uniformly violated the rights of the CLASS under California

2 law by:

3         (a)    Violating the California Unfair Competition Laws, Cal. Bus. & Prof.

4 Code § 17200, et seq., by unlawfully, unfairly and/or deceptively having in place company

5 policies, practices and procedures that failed to pay all wages due the CLASS for all hours

6 worked, including on-call, stand-by time and failed to accurately record all hours worked by

7 the CLASS, including on-call, stand-by time;

8         (b)    Violating Cal. Lab. Code § 204 and §510, et seq. by failing to pay the

9 correct wage and overtime pay owed to PLAINTIFF and the members of the CLASS for

10 regular and overtime hours worked, including compensation for on-call standby time and/or

11 split shift compensation;

12         (d)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and

13 the members of the CLASS with an accurate itemized statement in writing showing the

14 gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay

15 period, split shift intervals, and the corresponding number of hours worked at each hourly

16 rate by the employee; and,

17         (e)    Violating Cal. Lab. Code §§ 210, 202 and 203 by failing to provide

18 timely payment of all wages owed to the members of the CLASS who failed to receive the

19 correct wages for all hours worked, including compensation for on-call standby time and/or

20 split shift compensation, and who have terminated their employment.

21    25.    This Class Action meets the statutory prerequisites for the maintenance of a

22 Class Action as set forth in Federal Rules of Civil Procedure, Rule 23, in that:

23         (a)    The persons who comprise the CLASS exceed 100 persons and

24 are therefore so numerous that the joinder of all such persons is impracticable and the

25 disposition of their claims as a class will benefit the parties and the Court;

26         (b)    Nearly all factual, legal, statutory, declaratory and injunctive

27 relief issues that are raised in this Complaint are common to the CLASS will apply

28 uniformly to every member of the CLASS;

1          (c)      The claims of the representative PLAINTIFF are typical of the

2  claims of each member of the CLASS.  PLAINTIFF, like all other members of the CLASS,

3  was and still is a non-exempt employee who was subjected to the DEFENDANT's practice

4  and policy which failed to pay all wages due the CLASS for all hours worked, including on-

5  call time, and failed to accurately record and pay for all hours worked, including on-call

6  time.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment

7  practices alleged herein.  PLAINTIFF and the members of the CLASS were and are

8  similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern

9  of misconduct engaged in by DEFENDANT.

10         (d)      The representative PLAINTIFF will fairly and adequately

11  represent and protect the interest of the CLASS, and has retained counsel who are competent

12  and experienced in class action litigation.  There are no material conflicts between the

13  claims of the representative PLAINTIFF and the members of the CLASS that would make

14  class certification inappropriate.  Counsel for the CLASS will vigorously assert the claims of

15  all members of the CLASS.

16      26.     In addition to meeting the statutory prerequisites to a Class Action, this action

17  is properly maintained as a class action pursuant to Federal Rules of Civil Procedure, Rule

18  23, in that:

19         (a)      Without class certification and determination of declaratory,

20  injunctive, statutory and other legal questions within the class format, prosecution of

21  separate actions by individual members of the CLASS will create the risk of:

22               1)      Inconsistent or varying adjudications with respect to

23  individual members of the CLASS which would establish incompatible standards of conduct

24  for the parties opposing the CLASS; and/or,

25               2)      Adjudication with respect to individual members of the

26  CLASS which would as a practical matter be dispositive of interests of the other members

27  not party to the adjudication or substantially impair or impede their ability to protect their

28  interests.

1       (b)    The parties opposing the CLASS have acted or refused to act on

2  grounds generally applicable to the CLASS, making appropriate class-wide relief with

3  respect to the CLASS as a whole in that the DEFENDANT uniformly failed to pay all wages

4  due, including the correct overtime, for all hours worked by the members of the CLASS;

5           1)    With respect to the First Cause of Action, the final relief

6  on behalf of the CLASS sought does not relate exclusively to restitution because through

7  this claim PLAINTIFF seek declaratory relief holding that the DEFENDANT's policy and

8  practices constitute unfair competition, along with injunctive relief, and incidental equitable

9  relief as may be necessary to prevent and remedy the conduct declared to constitute unfair

10  competition;

11        (c)    Common questions of law and fact exist as to the members of

12  the CLASS with respect to the practices and violations of California law as listed above, and

13  predominate over any question affecting only individual members, and a class action is

14  superior to other available methods for the fair and efficient adjudication of the controversy,

15  including consideration of:

16           1)    The interests of the members of the CLASS in

17  individually controlling the prosecution or defense of separate actions in that the substantial

18  expense of individual actions will be avoided to recover the relatively small amount of

19  economic losses sustained by the individual employees when compared to the substantial

20  expense and burden of individual prosecution of this litigation;

21           2)    Class certification will obviate the need for unduly

22  duplicative litigation that would create the risk of: (a) Inconsistent or varying adjudications

23  with respect to individual members of the CLASS which would establish incompatible

24  standards of conduct for the DEFENDANT; and/or, (b) Adjudications with respect to

25  individual members of the CLASS would as a practical matter be dispositive of the interests

26  of the other members not parties to the adjudication or substantially impair or impede their

27  ability to protect their interests;

28           3)    In the context of wage litigation because a substantial

1  number of individual class members will avoid asserting their legal rights out of fear of

2  retaliation by DEFENDANT, which may adversely affect an individual's job with

3  DEFENDANT or with a subsequent employer, the class action is the only means to assert

4  their claims through a representative; and,

5          4)    A class action is superior to other available methods for the fair

6  and efficient adjudication of this litigation because class treatment will obviate the need for

7  unduly and unnecessary duplicative litigation that is likely to result in the absence of

8  certification of this action pursuant to Fed. R. Civ. Proc., rule 23.

9      27.    This Court should permit this action to be maintained as a Class Action

10  pursuant to Federal Rules of Civil Procedure, rule 23, because:

11          (a)    The questions of law and fact common to the CLASS

12  predominate over any question affecting only individual members because the

13  DEFENDANT's employment practices were uniformly and systematically applied with

14  respect to the entire CLASS;

15          (b)    A class action is superior to any other available method for the

16  fair and efficient adjudication of the claims of the members of the CLASS because in the

17  context of employment litigation a substantial number of individual employees will avoid

18  asserting their rights individually out of fear of retaliation or adverse impact on their

19  employment;

20          (c)    The members of the CLASS exceed 100 people and are therefore

21  so numerous that it is impractical to bring all members of the CLASS before the Court;

22          (d)    PLAINTIFF, and the other members of the CLASS will not be

23  able to obtain effective and economic legal redress unless the action is maintained as a class

24  action;

25          (e)    There is a community of interest in obtaining appropriate legal

26  and equitable relief for the acts of unfair competition, statutory violations and other

27  improprieties, and in obtaining adequate compensation for the damages and injuries which

28  DEFENDANT's actions have inflicted upon the CLASS;

1            (f)     There is a community of interest in ensuring that the combined

2    assets of DEFENDANT are sufficient to adequately compensate the members of the CLASS

3    for the injuries sustained;

4            (g)     DEFENDANT has acted or refused to act on grounds generally

5    applicable to the CLASS, thereby making final class-wide relief appropriate with respect to

6    these Classes as a whole;

7            (h)     The members of the CLASS are readily ascertainable from the

8    business records of DEFENDANT and business records of the DEFENDANT will identify

9    and establish membership in the CLASS; and,

10           (i)     Class treatment provides manageable judicial treatment calculated to

11   bring a efficient and rapid conclusion to all litigation of all wage and hour related claims

12   arising out of the conduct of DEFENDANT as to the members of the CLASS

13       28.    DEFENDANT maintains records from which the Court can ascertain and

14   identify by job title each of DEFENDANT's non-exempt employees who as have been

15   systematically, intentionally and uniformly subjected to DEFENDANT's corporate policy,

16   practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the

17   complaint to include any additional job titles of similarly situated employees when they have

18   been identified.

19       29.    DEFENDANT, as a matter of corporate policy, practice and procedure, failed

20   to pay the members of the CLASS the wages due for all hours worked, including on-call

21   time. All employees in the CLASS and in the CLASS, including the PLAINTIFF,

22   performed the same primary functions and were paid by DEFENDANT according to

23   uniform and systematic company procedures, which, as alleged herein above.  This business

24   practice was uniformly applied to each and every member of the CLASS and each and every

25   member of the CLASS, and therefore, the propriety of this conduct can be adjudicated on a

26   class-wide basis.  DEFENDANT intentionally, knowingly, and wilfully, engaged in the

27   above described practices.

28

1

## JURISDICTION AND VENUE

2          30.     This Court has jurisdiction over this action pursuant to 28 U.S.C.§1331,

3    federal question jurisdiction, 29 U.S.C. § 216, the Fair Labor Standards Act, and 28 U.S.C. §

4    1367, supplemental jurisdiction of state law claims.  Independently, this Court also has

5    original jurisdiction over PLAINTIFF's state law class claims pursuant to the Class Action

6    Fairness Act of 2005, 28 U.S.C. § 1332 in that the PLAINTIFF is a resident of California,

7    most of the CLASS is comprised of residents of California, DEFENDANT is a citizen of a

8    state other than California, there are more than 100 individuals in the CALIFORNIA

9    CLASS, and the amount in controversy in this complaint exceeds the sum or value of

10   $5,000,000.  The action is brought pursuant to Federal Rules of Civil Procedure, rule 23.

11   PLAINTIFF brings this action on her own behalf, and on behalf of all persons within the

12   CLASS as herein defined.

13          31.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because

14   DEFENDANT (i) is subject to personal jurisdiction in this District, and/or (ii) committed the

15   wrongful conduct against certain members of the CLASS in San Diego County, California.

16   At all relevant times, DEFENDANT maintained offices and facilities in San Diego County,

17   California and committed the wrongful conduct against members of the CLASS in San

18   Diego County, California.

19

20                            **FIRST CAUSE OF ACTION**

21                            **For Unlawful Business Practices**

22                        **[Cal. Bus. And Prof. Code § 17200 et seq.]**

23                   **(By PLAINTIFF and the CLASS and against All Defendants)**

24          32.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate

25   by this reference, as though fully set forth herein, paragraphs 1 through 31 of this Complaint.

26          33.     DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof.

27   Code § 17021.

28          34.     Cal. Bus. & Prof. Code § 17200 defines unfair competition as any unlawful,

unfair, or fraudulent business act or practice.  Section 17200 applies to violations of labor laws and in the employment context.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

35.    At all times relevant hereto, by and through the conduct described herein, DEFENDANT have engaged in unfair and unlawful' practices by failing to pay PLAINTIFFS, and the other members of the CLASS, wages due for on-call work, and have thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges and caused them economic injury as herein alleged.  DEFENDANT engaged in unfair competition by withholding compensation for hours worked.  DEFENDANT further engaged in unfair and unlawful business practices by failing to keep accurate information and failing to accurately calculate the compensation due DEFENDANT's employees, in violation of California law.  As herein alleged, DEFENDANT's conduct was unlawful in that, with respect to all California employees, DEFENDANT uniformly violated California law and regulations, including but not limited to Labor Code §201, §202, §204, §206.5, §216,§218, §226, §226.7, §510, §512, §1102.5, §1174, §1175, §1198, and 8 C.C.R. § 11040(7).  DEFENDANT's conduct also violated federal law.

36.    By and through the unfair and unlawful business practices described herein, DEFENDANT obtained valuable property, money, and services from the PLAINTIFF, and the other members of the CLASS, and deprived them of valuable rights and benefits guaranteed by law and contract, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

37.   All the acts described herein as violations of, among other things, the Cal. Labor Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and Thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.  The conduct of the DEFENDANT was also deceptive in that DEFENDANT expressly and/or implicitly represented to PLAINTIFF and the members of the CLASS that they were not entitled to receive wages for on-call standby hours, and the wages paid for repair work during on-call shifts were correctly calculated.

38.   PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT have acquired, or of which PLAINTIFF, and other members of the CLASS, have been deprived, by means of the above described unfair and unlawful business practices.

39.   PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and seek injunctive relief to enjoin DEFENDANT from engaging in any of these unfair and unlawful business practices in the future.

40.   PLAINTIFF, and the other members of the CLASS, have no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANT.  As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANT is restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANT should be required to disgorge the unpaid wages to PLAINTIFF, and the other members of the CLASS.

### SECOND CAUSE OF ACTION

**For Failure To Pay Earned Wages and Overtime Compensation**

**[Cal. Lab. Code §§ 204, 210, 510, 1194 and 1198]**

**(By PLAINTIFF and the CLASS and Against all Defendants)**

41.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 40 of this Complaint.

42.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as follows: "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

43.     Cal. Lab. Code §§1194 establishes an employee's right to recover unpaid wages, including overtime compensation and interest thereon, together with the costs of suit. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

44.     As set forth herein, DEFENDANTS' policy and practice was to intentionally and uniformly deny payment of wages due for on-call time which were hours by the CLASS. This was done in an illegal attempt to avoid payment of earned wages, overtime compensation and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

45.     The PLAINTIFF and the members of the CLASS are not exempt from receiving overtime compensation and other benefits under the Labor Code. The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws. DEFENDANT has classified all employees in the CLASS as non-exempt. For an employee to be exempt from these rules as a bona fide "executive," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a customarily recognized department or subdivision; and,

(b)     The employee must customarily and regularly direct the work of at least

two (2) or more other employees; and,

(c)     The employee must have the authority to hire and fire, or to command particularly serious attention to his or his recommendations on such actions affecting other employees; and,

(d)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(e)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CLASS was or is an executive because they all fail to meet the requirements of being an exempt "executive" within the meaning of Order No. 4.

46.     The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  For an employee to be exempt from these rules as a bona fide "administrator," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee must perform office or non-manual work directly related to management policies or general business operation of the employer; and,

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and,

(c)     The employee must regularly and directly assist a proprietor or an exempt administrator; or,

(d)     The employee must perform, under only general supervision, work requiring special training, experience, or knowledge, or,

(e)     The employee must execute special assignments and tasks under only general supervision; and,

(f)     The employee must be primarily engaged in duties which meet the test of exemption.

No member of the CLASS was or is an administrator because they all fail to meet the

requirements for being an exempt "administrator" under Order No. 4.

47.     The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  For an employee to be exempt from these rules as a bona fide "professional," all the following criteria must be met and DEFENDANT has the burden of proving that:

(a)     The employee is primarily engaged in an occupation commonly recognized as a learned or artistic profession.  For the purposes of this subsection, "learned or artistic profession" means an employee who is primarily engaged in the performance of:

1)     Work requiring knowledge of an advanced type in a field or science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual, or physical processes, or work that is an essential part or necessarily incident to any of the above work; or,

2)     Work that is original and creative in character in a recognized field of artistic endeavor, and the result of which depends primarily on the invention, imagination or talent of the employee or work that is an essential part of or incident to any of the above work; and,

3)     Whose work is predominately intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be standardized in relation to a given period of time.

(b)     The employee must customarily and regularly exercise discretion and independent judgment; and.

(c)     The employee earns a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment.

No member of the CLASS was or is a professional because they all fail to meet the requirements of being an exempt "professional" within the meaning of Order No. 4.

48.   PLAINTIFF, and other members of the CLASS, do not fit the definition of an exempt executive, administrative, or professional employee because:

(a) These employees do not primarily perform managerial or administrative (exempt) duties;

(b) Their work hours are primarily spent performing non-exempt duties, including but not limited to performing routine repairs as directed;

(c) They do not have the discretion or independent judgment, in that they must follow exacting and comprehensive company-wide policies and procedures which dictate every aspect of their work day; and/or,

(d) They do not have the authority to hire and/or fire other personnel;

49.   During the class period, the PLAINTIFF, and other members of the CLASS, worked more hours than they were paid for because of the time spent on-call under the control of the DEFENDANT, constituting a failure to pay all earned wages.  In addition, the consideration of the standby hours worked would result in overtime compensation due.

50.   Further, when an on-call page is received, and members of the CLASS are required to perform repair, maintenance and troubleshooting duties for which time they are compensated by DEFENDANT, this constitutes a split shift under California law. As a uniform company practice and policy, DEFENDANT miscalculated the compensation due for these pages and calls by failing to pay the members of the CLASS split shift compensation as required by California law.

51.   At all times relevant times, DEFENDANT failed to pay PLAINTIFF, and other members of the CLASS, wages for the hours they have worked on-call as required by Cal. Lab. Code §204, and overtime compensation for the hours they have worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198.

52.   By virtue of DEFENDANT's unlawful failure to pay additional compensation to the PLAINTIFF, and the other members of the CLASS, for the hours actually worked and/or DEFENDANT's unlawful failure to pay the split shift compensation, the PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to

PLAINTIFF, and the other members of the CLASS, have suffered, and will continue to suffer, an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

53.     PLAINTIFF, and the other members of the CLASS, request recovery of wages and compensation due according to proof, interest, and costs, as well as the assessment of any and all available statutory penalties against DEFENDANT, in a sum as provided by the Cal. Lab. Code and/or other statutes.

54.     In performing the acts and practices herein alleged in violation of labor laws and refusing to provide the requisite overtime compensation, the DEFENDANT acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFF, and toward the other members of the CLASS, with a conscious and utter disregard of their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFF and the members of the Class.

55.     Many of the CLASS members have terminated their employment and DEFENDANT did not timely tender payment of all wages owed as required by Cal. Labor Code §§ 201 and 202.  Therefore, as provided by Cal Lab. Code § 203, on behalf of the members of the CLASS who have terminated their employment, PLAINTIFF demands thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CLASS PERIOD and demands an accounting and payment of all wages due, plus interest.

## THIRD CAUSE OF ACTION
### For Failure to Provide Accurate Itemized Statements
### [Cal. Lab. Code § 226]
### (By PLAINTIFF and the CLASS and against DEFENDANT)

56.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 55 of this Complaint.

57.     Cal. Labor Code § 226 provides that an employer must furnish employees with "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

58.     At all times relevant herein, DEFENDANT violated Labor Code § 226 with respect to PLAINTIFF and the other members of the CLASS, in that DEFENDANT failed to properly and accurately itemize the gross wages earned, the net wages earned, and all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate for these employees. This failure by DEFENDANT was the intentional result of DEFENDANT's intentional refusal to compensate for on-call hours worked and/or the miscalculation of compensation conceded to be due in the form of split shift compensation to the CLASS.

59.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS. These damages include, but are not limited to, unpaid wages for hours actually worked, the costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages may be difficult to estimate. Therefore, PLAINTIFF, and the other members of the CLASS may recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an

amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein), plus costs, pursuant to Labor Code § 226(g).

## FOURTH CAUSE OF ACTION

### For Violation of the Fair Labor Standards Act

### [29 U.S.C. § 201 et seq.]

### By PLAINTIFF and the CLASS and Against All Defendants)

60.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 59 of this Complaint.

61.     The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

62.     PLAINTIFF also brings this lawsuit as a collective action under the Fair Labor and Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), on behalf of all persons who were, are, or will be employed by DEFENDANT in a IT Maintenance Staff position , or in other substantially similar positions during the period commencing three years prior to the filing of this Complaint and ending on the date as the Court shall determine (the "COLLECTIVE CLASS PERIOD"), who performed work in excess of forty (40) hours in one week and did not receive all compensation as required by the FLSA for the hours worked (the "COLLECTIVE CLASS") due to the exclusion of on-call hours worked.  To the extent equitable tolling operates to toll claims by the COLLECTIVE CLASS against the DEFENDANT, the COLLECTIVE CLASS PERIOD should be adjusted accordingly.

63.     Questions of law and fact common to the COLLECTIVE CLASS as a whole, but not limited to the following, include:

a.      Whether DEFENDANT's policies and practices failed to accurately

record all on-call hours worked by PLAINTIFF and the other members of the COLLECTIVE CLASS;

b.    Whether DEFENDANT failed to adequately compensate the members of the COLLECTIVE CLASS for all hours worked as required by the FLSA;

c.    Whether DEFENDANTS should be enjoined from continuing the practices which violate the FLSA; and,

d.    Whether DEFENDANTS are liable to the COLLECTIVE CLASS.

64.    This cause of action for the violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. 216(b), for all claims asserted by the representative PLAINTIFF of the COLLECTIVE CLASS because the claims of the PLAINTIFF are similar to the claims of the members of the prospective COLLECTIVE CLASS.

65.    PLAINTIFF and the COLLECTIVE CLASS are similarly situated, have substantially similar job requirements and pay provisions, and are subject to DEFENDANT's common and uniform policy and practice of failing to pay for all actual time worked and wages earned, and failing to accurately record all hours worked by these employees in violation of the FLSA and the Regulations implementing the Act as enacted by the Secretary of Labor (the "REGULATIONS").

66.    DEFENDANT is engaged in communication, business, and transmission throughout the United States and are, therefore, engaged in commerce within the meaning of 29 U.S.C. § 203(b).

67.    29 U.S.C. § 255 provides that a three-year statute of limitations applies to willful violations of the FLSA.  The conduct by the DEFENDANT which violated the FLSA was willful.

68.    PLAINTIFF and the members of the COLLECTIVE CLASS regularly worked in excess of forty (40) hours in a workweek.  Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., PLAINTIFF and the members of the COLLECTIVE CLASS are entitled to compensation for all hours actually worked, including on-call hours, and are also

entitled to wages at a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any workweek, which wages were not paid due to the exclusion of on-call, standby time.

69.   For purposes of the Fair Labor Standards Act, the employment practices of DEFENDANT were and are uniform throughout California and the United States in all respects material to the claims asserted in this Complaint.

70.   DEFENDANT violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

71.   As a result of DEFENDANT's failure to pay compensation for hours worked as required by the FLSA, PLAINTIFF and the members of the COLLECTIVE CLASS were damaged in an amount to be proved at trial.

72.   PLAINTIFF, therefore, demands that they and the members of the COLLECTIVE CLASS be paid compensation as required by the FLSA for every hour worked in any work week for which they were not correctly compensated, plus liquidated damages, interest and statutory costs as provided by law.

## **PRAYER**

WHEREFOR, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.   On behalf of the CLASS:

    A)   That the Court certify action asserted by the CLASS as a class action pursuant to Federal Rules of Civil Procedure, rule 23;

    B)   An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)   An order requiring DEFENDANT to pay all wages and all sums unlawfully withheld from compensation due to PLAINTIFF and the other members of the CLASS; and,

    D)   Disgorgement of DEFENDANT's ill-gotten gains into a fluid fund for

restitution of the sums incidental to DEFENDANT's violations due to PLAINTIFF and to the other members of the CLASS.

E) Compensatory damages, according to proof at trial, including compensatory damages for both regular and overtime compensation due PLAINTIFF and the other members of the CLASS according to proof, during the applicable CLASS PERIOD plus interest thereon at the statutory rate;

F) The wages of all terminated employees due to members of the CLASS as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced in accordance with Cal. Lab. Code § 203;

G) The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violations of Cal. Lab. Code § 226.

2. On behalf of the COLLECTIVE CLASS:

A) That the Court certify the Fifth Cause of Action asserted by the COLLECTIVE CLASS as an opt-in class action under 29 U.S.C. § 216(b);

B) That the Court declare the rights and duties of the parties consistent with the relief sought by PLAINTIFF;

C) Issue a declaratory judgment that DEFENDANT's acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

D) That DEFENDANT be enjoined from further violations of the Fair Labor Standards Act;

E) That the PLAINTIFF and the members of the COLLECTIVE CLASS recover compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b).

3. On all claims:

A)      An award of interest, including prejudgment interest at the legal rate.

B)      An award of liquidated damages, statutory damages, cost of suit, but neither this prayer nor any other allegation or prayer in this Complaint is to be construed as a request, under any circumstance, that would result in a request for attorneys' fees under Cal. Lab. Code § 218.5;

C)      Such other and further relief as the Court deems just and equitable.

Dated:   August 12, 2009                     BLUMENTHAL, NORDREHAUG &
                                             BHOWMIK

                                             By:_____
                                                 Norman B. Blumenthal
                                                 Attorneys for Plaintiff

# DEMAND FOR JURY TRIAL

PLAINTIFF demands a jury trial on issues triable to a jury.

Dated:   August 12, 2009

BLUMENTHAL, NORDREHAUG &
BHOWMIK

By: _____
Norman B. Blumenthal
Attorneys for Plaintiff

K:\D\NBB\Green v AT&T\p-Complaint-01.wpd

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ANTONY GREEN

**DEFENDANTS**

AT&T SERVICES, INC.    09 AUG 12 PM 4: 17

**(b)** County of Residence of First Listed Plaintiff  Contra Costa County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Norman Blumenthal, Blumenthal, Nordrehaug & Bhowmik,
2255 Calle Clara, La Jolla, CA, 92037, (858)551-1223

Attorneys (If Known)

'09 CV 1760 JM    NLS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 211(b) (Fair Labor Standards Act) and 28 U.S.C. §1332 (CAFA Jurisdiction)
Brief description of cause:
Claims for unpaid compensation under Federal and California law

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** 5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE                              DOCKET NUMBER

DATE
08/12/2009

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 34158    AMOUNT 350.—    APPLYING IFP    JUDGE    MAG. JUDGE

8/12/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004158
Cashier ID: sramirez
Transaction Date: 08/12/2009
Payer Name: BLUMENTHAL
---------------------------------
CIVIL FILING FEE
  For: GREEN V. AT AND T
  Case/Party: D-CAS-3-09-CV-001760-001
  Amount:        $350.00
---------------------------------
CHECK
  Check/Money Order Num: 12042
  Amt Tendered:  $350.00
---------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```